UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

| | |
|---|---|
| ROBERT MARK SCOTT, ) | |
| ) | Case No. 6:24-cv-123-GFVT-CJS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JODI ALBRIGHT, *et al.*, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on six pending motions: Motion to Dismiss filed by Defendant John A. Combs, Esq. (R. 12); combined Motion to Strike Summons and Complaint Due to Insufficiency of Service of Process, Motion to Dismiss Complaint, and Alternatively, Motion for Extension of Time to File Answer filed by Defendants City of London (Police Department), Officer Inman, Officer B. Webb, Supervisor Tip Smith, Officer Jackson, and the Mayor of the City of London (collectively the "City Defendants") (R. 13); Motion to Dismiss for Failure to State a Claim filed by Defendant Department of Kentucky State Police (R. 14); Motion to Dismiss filed by Defendant Commonwealth of Kentucky (R. 15); Motion to Dismiss filed by Defendant Judge Gregory Lay (R. 16); and Motion to Dismiss filed by Defendants Commonwealth's Attorney Jackie Steele and Laurel County Attorney Jodi L. Albright (R. 17). Plaintiff Robert Mark Scott, proceeding *pro se,* has filed Responses (R. 22; R. 29), and the matter is now ripe for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* R. 7). For the reasons explained herein, it will be recommended that the Motion to Strike filed by the City Defendants (R. 13) **be granted** and that the Motions to Dismiss filed by the other Defendants (R. 12; R. 14; R. 15; R. 16; R. 17) **be granted.**

I.      **BACKGROUND**

On June 17, 2023, the London Police Department received an alert from its tracking system that a utility trailer belonging to the police department was moving without authorization. (R. 1-1 at Page ID 22). Officers followed the tracking signal and came upon Scott hauling the trailer and driving over the speed limit. (*Id.* at Page ID 22, 27). When stopped by the London Police, Scott represented that he owned the trailer and had "for a long time." (*Id.*). Later, Scott claimed that he had seen the black trailer on the side of a work zone for weeks, had previously called the city and Kentucky State Police to remove the trailer, and only intended to find the owner of the trailer. (*Id.* at Page ID 32, 35). After being stopped by Defendants Webb, Inman, and Jackson, Scott was arrested and charged with multiple counts, including a charge of theft by unlawful taking of property valued between $1,000 and $10,000 with respect to the trailer. (*Id.* at Page ID 22-23).

Scott was indicted on January 30, 2024. *See Commonwealth v. Scott*, Case No. 24-CR-00009, Laurel Circuit Court. Scott retained Defendant Attorney John Combs to represent him in his pending criminal matter, and Defendant Judge Gregory Lay presided over his criminal case. *Id.*; (R. 1-1 at Page ID 72-75). On June 27, 2024, Scott pleaded guilty according to a written plea agreement in which he forfeited the vehicle he used to pull the trailer and pleaded guilty to theft by unlawful taking of property valued between $1,000 and $10,000, reckless driving, and speeding. (R. 1-1 at Page ID 18-19). Judge Lay granted him pretrial diversion, allowing Scott to avoid prison time. (*Id.* at Page ID 20-21).

Scott filed the instant action on August 26, 2024. (R. 1). In his Complaint, Scott argues he was justified in removing the trailer from the side of the road because it created a safety hazard—the trailer was black, unmarked, and unlit in the dead of night. (*See, e.g.*, *id.* at Page ID 4-5, 7). He further alleges that placing the trailer on the side of the road constituted entrapment, as there were no safety cones surrounding the trailer. (*Id.* at Page ID 13; R. 1-1 Page ID 44-45).

On November 4, 2024, Scott filed a "Motion for Court to Speed Up the Process of this Case Due to a Safety Issue Present." (R. 5). Presiding District Judge Gregory F. Van Tatenhove denied that Motion on November 7, 2024, and instructed Scott to properly serve each Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure within 90 days of the filing of his Complaint. (R. 7). On November 26, 2024, Defendant John Combs filed a Motion to Dismiss (R. 12). The following day, the City Defendants filed a Motion to Strike (R. 13), and the Kentucky State Police, Commonwealth of Kentucky, Judge Gregory Lay, Jodi Albright, and Jackie Steele all filed Motions to Dismiss. (R. 14; R. 15; R. 16; R. 17).

## II. DISCUSSION

Scott filed his Complaint on the standard civil rights form for non-prisoners. (*See* R. 1). Although he indicated on the form that he intends to pursue both a 42 U.S.C. § 1983 claim and a *Bivens* claim, he names no federal officials, and as such, the Court will construe his claims as those under § 1983. *See Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (noting that a *Bivens* claim requires "federal action" and a § 1983 claim requires "state action").

In his Complaint, Scott brings a myriad of allegations against the various Defendants. He seems to fault the City of London Police Department and Jodi Albright for creating a safety hazard by placing the black trailer alongside the road and using it to entrap him and others into taking it and alleges his attorney in the state court case, John Combs, was complicit. (R. 1 at Page ID 4-5). He also alleges the arresting officers failed to properly read him his rights when he was arrested and suggests Judge Lay failed to properly require video evidence of the police reading Scott his rights. (*Id.* at Page ID 4, 103). He further claims he was "[h]an[d]cuffed so [t]ight the [f]eelings in [h]and [a]nd [t]humb were cut off." (*Id.* at Page ID 6). He also alleges Judge Lay did not allow discovery in his criminal case. (*Id.* at Page ID 112, 227).

3

The Court will construe Scott's claims as those arising under § 1983 for entrapment (against the City Defendants, Jodi Albright,[1] and John Combs), excessive force (against the City Defendants), failure to read his rights according to *Miranda* (against the City Defendants and Judge Lay), violation of due process (against Judge Lay), malicious prosecution (against Jodi Albright and Jackie Steele), and for creating a safety hazard (against the City Defendants, Jodi Albright, Jackie Steele, and Judge Lay). In accordance with Sixth Circuit case law, the Court will address the threshold arguments raised by the Defendants, namely insufficiency of process and jurisdictional issues, before proceeding to an analysis of the merits and defenses as necessary. *See Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *2 (6th Cir. Nov. 6, 2023) ("However, federal courts must decide jurisdictional questions before considering issues related to the merits of a case.").

### A.   Claims against the City Defendants

The City Defendants have filed a Motion to Strike Summons and Complaint Due to Insufficiency of Service of Process (R. 13), and Scott has filed a Response (R. 29). Scott maintains that this argument is a "technicality" and that he served his Complaint and summonses on individuals he regarded as being in authority over the offending officers. (R. 29 at Page ID 326).

Judge Van Tatenhove's November 7, 2024, Order instructed Scott that "the next step in this litigation is for Scott to serve each of the Defendants with a summons and copy of the complaint within 90 days after the date he filed his complaint, in accordance with Rule 4 of the Federal Rules of Civil Procedure." (R. 7 at Page ID 186). Rule 4(j)(2) of the Federal Rules of

---

[1] Scott seems to only allege that Jodi Albright was involved with the "bait trailer," not Jackie Steele, but even so the reasoning below would apply to any claim of entrapment against Jackie Steele. (*See* R. 1 at Page ID 5 ("Jodi Albright approved them withou[t] safety!")).

4

Civil Procedure dictates the method by which a litigant must effectuate service of process upon a state or local government:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ P. 4(j)(2). Rule 4(j)(2)(B) references processes dictated by state law, which in this case is dictated by Rule 4.04(7) of the Kentucky Rules of Civil Procedure. That Rule states in relevant part that "[s]ervice shall be made upon a city by serving the chief executive officer thereof or an official attorney thereof." Ky. R. Civ. P. 4.04(7). As such, to properly effectuate service upon the City of London and its police department, Scott needed to deliver the summons to either the mayor or an official attorney.

Here, Scott was on notice of his obligations under Rule 4 and failed to sufficiently serve the City Defendants, both by attempting service by U.S. Mail personally, and by failing to serve the correct individuals. First, Rule 4(c)(2) states that service may be made by "[a]ny person who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). Because Scott is a party to the proceeding, he cannot serve the Defendants himself. This requirement "remains true even when service is attempted by certified mail." *Greene v. United States*, No. 6:19-CV-24-GFVT, 2021 WL 1214499, at *18 (E.D. Ky. Mar. 30, 2021), *aff'd*, No. 21-5398, 2022 WL 13638916 (6th Cir. Sept. 13, 2022) (citing *Constien v. United States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010)). The Summonses filed by Scott reveal that he personally served the City Defendants via U.S. Mail in contravention of Rule 4(c)(2). (*See* R. 9 at Page ID 192-97, 201-03, 207-212).[2]

---

[2] Defendants were served personally by Scott via U.S. Mail. However, the other Defendants do not raise insufficiency of process in their responsive motions.

Further, the Summonses indicate that they were delivered to an assistant city clerk, based upon the representations of the City Defendants, and not the proper individual to serve for the City of London Police Department, Officer Inman, Officer B. Webb, or Officer Jackson. (R. 13 at Page ID 231-32). The Summons addressed to Tip Smith was returned as undelivered (R. 11 at Page ID 222), and the Summons addressed to the Mayor of the City of London was delivered to another unknown individual (R. 9 at Page ID 201-03). Regarding service upon the City of London Police Department, federal courts in Kentucky have held that service upon an assistant city clerk is insufficient to accomplish service upon a City. *Midwest Media Prop., LLC v. City of Fort Wright, Kentucky*, No. CV 2006-25 (WOB), 2006 WL 8445757, at *1 (E.D. Ky. May 19, 2006) ("Thus, under these authorities, plaintiff's service on an assistant city clerk, rather than on the Mayor himself, is insufficient to accomplish service on the City of Fort Wright pursuant to the federal rule."). There is also no indication that the individual who received service on behalf of the mayor was authorized to do so. *See Carter v. Louisville Metro. Police Dep't*, No. 3:22-CV-673-RGJ, 2023 WL 5986137, at *3 (W.D. Ky. Sept. 14, 2023) ("[The individual who signed the receipt] is neither a named defendant, nor has there been any evidence that [the individual] is authorized under Kentucky Rule of Civil Procedure 4.04 to accept service on behalf of any individual defendant.").

Proper service of process is of the utmost importance. "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) (italics in original). "Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant." *Rahman v. Kentucky Fin. Cabinet*, No. 3:10-CV-33-DCR, 2010 WL 5391456, at *3

6

(E.D. Ky. Dec. 21, 2010) (quoting *Sayyah v. Brown Cnty. Bd. Of Commissioners*, No. 1:05-CV-16, 2005 WL 179383, at *5 (S.D. Ohio July 27, 2005)).

Having determined that Scott has not properly served the City Defendants, the Court now turns to the appropriate remedy. Rule 4(m) dictates that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process." *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)). The Sixth Circuit has "identified three scenarios constituting good cause under Rule 4(m): (1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a *pro se* plaintiff suffers from a serious illness." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023). Scott has made no showing of good cause here. In the absence of good cause, the Sixth Circuit has articulated a seven-factor test which guides a district court's determination of whether to discretionarily extend a plaintiff's time to effectuate service:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

7

Here, the second, third, fourth, and sixth factors lean toward granting an extension. The City Defendants would likely suffer no prejudice other than that inherent in defending the suit, had actual notice of the lawsuit (evidenced by their Motion), Scott's suit would likely be time-barred, and Scott is a *pro se* litigant entitled to additional latitude. However, most persuasive is the fact that an extension of time would be well beyond the close of timely service of process and that Scott has not been diligent in correcting the deficiencies. At the time of the filing of the City Defendants' Reply, Scott had already had approximately 200 days to complete proper service. (R. 30 at Page ID 330). Further, while Scott did attempt service of the City Defendants, he has made no diligent effort in correcting the deficiency after it was recognized. Thus, Scott's claims against the City Defendants should be dismissed without prejudice in accordance with Rule 4(m).

As noted by one Judge in this District, "[t]his case highlights the perils of proceeding without the benefit of counsel." *Rahman*, 2010 WL 5391456, at *3. Because of the foregoing reasons, the undersigned will recommend that service upon the City Defendants be stricken as insufficient and Scott's claims as to the City Defendants be dismissed without prejudice.

    **B.**    **Claims Against the Commonwealth of Kentucky, Kentucky State Police, Judge Gregory Lay, Jackie Steele, and Jodi Albright**

Defendants Kentucky State Police, Commonwealth of Kentucky, Judge Lay, Steele, and Albright have all moved for the dismissal of Scott's Complaint because of jurisdictional defendants and issues on the merits. (*See* R. 14; R. 15; R. 16; R. 17). Scott's construed claims of entrapment, creating a safety issue, and malicious prosecution are applicable to these Defendants. The Court will first examine the threshold issues, namely Eleventh Amendment immunity and the *Rooker-Feldman* doctrine, which could affect the Court's subject-matter jurisdiction, before proceedings to the other defenses. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046-47 (6th Cir. 2015) (discussing the circuit split and holding the "Eleventh Amendment is a true

8

jurisdictional bar . . . once raised as a jurisdictional defect, must be decided before the merits."); *Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024) (noting that the *Rooker-Feldman* doctrine is a "threshold question" implicating a federal court's subject-matter jurisdiction).

### 1.     Jurisdictional Arguments

Having settled the order of operations, the Court first turns to the Eleventh Amendment as a jurisdictional bar to some of Scott's claims. "The Eleventh Amendment affords broad protections for States against private suits." *Stanely v. W. Mich. Univ.*, 105 F.4th 856, 863 (6th Cir. 2024). Specifically, "[t]he Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments' unless the State has 'waived its immunity' or its immunity has been abrogated by Congress." *Grose v. City of Bartlett*, No. 23-5937, 2025 WL 1158764, at *2 (6th Cir. Jan. 10, 2025) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity attaches to the state itself, or an "arm of the state." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Congress has not abrogated the Eleventh Amendment with respect to § 1983 claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . . ."). Further, Kentucky has not waived its immunity with respect to § 1983 claims. *French v. Hester*, 585 F. Supp. 3d 974, 983 (E.D. Ky. 2022) (finding that Kentucky has not waived Eleventh Amendment immunity in the context of § 1983 civil rights claims). A third exception to the states' Eleventh Amendment immunity exists according to *Ex parte Young*, 209 U.S. 123 (1908). However, that exception "applies only when the plaintiff sues for 'prospective [injunctive] relief to end a continuing violation of federal law.'" *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn*, 63 F.4th 510, 515 (6th Cir. 2023) (alteration in original) (quoting *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013)).

Scott's Complaint indicates definitively that he intends to bring claims against Defendants Jodi Albright and Jackie Steele in their individual and official capacities. (*See* R. 1 at Page ID 3). He does not indicate whether the remaining Defendants are sued in their individual or official capacities. (*See id.* at Page ID 2). Regardless, all claims against the Commonwealth of Kentucky and its "arms" are barred by the Eleventh Amendment. *See Doyle*, 429 U.S. at 280. Because this Court has previously held that the Kentucky State Police is "unquestionably an arm of the executive branch of the Kentucky state government," the claims against the Kentucky State Police are also barred by the Eleventh Amendment. *Colebrook v. Ky. Dep't of Motor Vehicle Enf't*, No. 2:08-cv-110-DLB, 2009 WL 536600, at *6 (E.D. Ky. Mar. 3, 2009).

Scott's official capacity claims against Defendant Judge Lay are also barred. *See Newton v. Ky. State Police*, No. 3:06-CV-42-KKC, 2009 WL 648989, at *6 (E.D. Ky. Mar. 11, 2009) (collecting cases and describing a Kentucky Circuit Court as "unquestionably" a state actor for purposes of Eleventh Amendment immunity). Defendant Steele, as a Commonwealth's Attorney, is also entitled to immunity from official capacity claims. *Nelson v. Kentucky*, No. 5:23-CV-14-KKC, 2023 WL 1863162, at *2 (E.D. Ky. Feb. 9, 2023) (noting that the Commonwealth's Attorney's office qualifies as an "arm of the state" for purposes of Eleventh Amendment immunity).

Scott's claims against Laurel County Attorney Jodi Albright would typically be construed against the County of Laurel, not the Commonwealth of Kentucky, and Congress has abrogated Eleventh Amendment immunity with respect to municipalities and local governments. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies."); *Alkire v. Irving*, 330 F.3d 802, (6th Cir. 2003) (noting that a county and its officers are not an "arm of the state" entitled to Eleventh Amendment immunity). However, a county attorney is entitled to

10

immunity when acting as a state agent by prosecuting state criminal charges. *See Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993) ("[A] city official pursues her duties as a state agent when enforcing state law or policy."); *see also Carter v. Logsdon*, No. 4:23-CV-30-BJB, 2024 WL 1323653, at *2 (W.D. Ky. Mar. 27, 2024) (applying *Pusey* to Kentucky county attorneys). Here, Defendant Albright was acting as a state agent by prosecuting state criminal charges against Scott and is thus entitled to Eleventh Amendment immunity on official capacity claims brought against Albright.

Further, Scott has failed to demonstrate the *Ex parte Young* exception is applicable to his claims for injunctive relief. His relief is not a "prospective injunctive relief to end a continuing violation of federal law." Most of Scott's claims involve single instances on the night of his arrest and are not "continuing violations." *See Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003) (finding that "past acts and not continuing conduct" is insufficient for purposes of the *Ex parte Young* exception). Scott's claims regarding the potentially continuing safety hazard posed by the London Police Department trailer are not sufficiently connected to a "violation of federal law." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citations omitted); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (noting that *pro se* litigants are not exempt from "basic pleading essentials").

In short, Scott's claims for damages and injunctive relief against the Commonwealth of Kentucky, and its agent the Kentucky State Police, are barred by the Eleventh Amendment. So too are the official capacity claims against Judge Lay, Jackie Steele, and Jodi Albright. Only Scott's individual capacity claims against Judge Lay, Jackie Steele, and Jodi Albright survive this jurisdictional bar.

11

But Scott's claims face another jurisdictional hurdle, namely the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine divests the lower federal courts of jurisdiction over claims "[i]f the source of the plaintiff's injury is the state-court judgment itself." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). Specifically, the doctrine applies in "cases brought by the state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Notably, the Sixth Circuit uses the "source of injury" standard. *Hancock v. Miller*, 852 F. App'x 914, 921 (6th Cir. 2021). When "there is some other source of injury such as a third party's actions, then the plaintiff asserts an independent claim." *Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008) (internal quotations omitted).

Here, Scott requests specifically for this Court to overturn and expunge his conviction. (R. 1 at Page ID 11-12). Seeking a reversal of a state court's judgment of conviction in this Court is a prime example of a claim barred by the *Rooker-Feldman* doctrine. *See Doe v. Nessel*, No. 23-2097, 2025 WL 1707689, at *2 (6th Cir. Feb. 4, 2025) ("To the extent Brown asks to undo the state court's judgment of conviction in his criminal case, *Rooker-Feldman* bars his federal claims."). So too are Scott's claims for malicious prosecution. *See Ewing v. O'Brien*, 115 F. App'x 780, 782 (6th Cir. 2004) (noting that the plaintiff's "federal claims for relief could be predicated only upon a determination that the state courts were wrong" in finding a claim for malicious prosecution was barred by the *Rooker-Feldman* doctrine). However, the state court judgment is not the "source of injury" of Scott's other claims, namely the excessive force claim, and claims arising under *Miranda* and due process violations. *See Hancock*, 852 F. App'x at 921 (noting that "we have repeatedly declined to apply *Rooker-Feldman* to cases alleging third-party misconduct, even when closely related to a state court proceeding").

12

In short, Scott's claims seeking the overturning of and expungement of his conviction and malicious prosecution are barred by the *Rooker-Feldman* doctrine. The Court is without jurisdiction to adjudicate these claims.

## 2. Merits and Defenses

With the procedural and jurisdictional obstacles cleared, the Court will proceed to examine the remaining claims and defenses. After dismissing the claims over which the Court has no jurisdiction, the remaining individual-capacity claims remain: violations of *Miranda* and due process against Judge Lay; creating a safety hazard against Jodi Albright and Judge Lay; and entrapment against Jodi Albright. But these claims fail on other immunity grounds or on their merits.

As a preliminary matter, in addition to the Eleventh Amendment analysis above, injunctive relief against Judge Lay is unavailable under § 1983. The 1996 amendment to 42 U.S.C. § 1983 prohibits granting injunctive relief against "judicial officers for acts taken in their official capacities, except in situations where a declaratory decree has been violated or is unavailable." *Davis v. Johnson*, 664 F. App'x 446, 450 (6th Cir. 2016). Judge Lay is a "judicial officer" and no declaratory decree was violated, nor was one unavailable to Scott. As such, any injunctive relief requested against Judge Lay is unavailable.

The remainder of Scott's claims against Judge Lay are precluded by absolute judicial immunity. "[A] judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9 (1991). Two exceptions to this immunity exist: "(1) if the judge's actions were non-judicial; or (2) if the judge performed the actions in the complete absence of all jurisdiction." *Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016) (internal quotations omitted). "An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).

13

Scott's claims against Judge Lay pertain to actions taken in Scott's underlying state criminal case. Judge Lay correctly contends that Scott's allegations relate to Judge Lay's decisions in a judicial capacity. Scott makes no allegations that Judge Lay acted in the absence of jurisdiction or that his actions were non-judicial, nor could he on this record. As such, the remaining claims against Judge Lay, namely Scott's claims against him arising from a violation of due process or for failing to require video evidence of the officers reading him his *Miranda* rights, should be dismissed.

The Court will examine the reminder of the claims on their merits: specifically, Scott's claims of entrapment against Jodi Albright and those arising from the "safety hazard" against Jodi Albright and Jackie Steele remain.[3]

To survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Scott's pleadings are not a model of clarity, but courts liberally construe the pleadings of *pro se* claimants and hold their complaints to a less stringent standard than similar pleadings drafted by attorneys. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). This less stringent standard "does not, however, mean that a *pro se* plaintiff is entitled to bring every case to trial." *Id.* All plaintiffs, including those that are *pro se,* must allege sufficient facts to state a plausible claim in order to survive a motion to dismiss. *See Zibbell v. Mich. Dep't of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. 2009).

---

[3] The Sixth Circuit has noted that "entitlement to qualified immunity is a threshold question to be resolved at the earliest point, but that point is usually summary judgment and not dismissal under Rule 12." *MacIntosh v. Clous*, 69 F.4th 309, 315 (6th Cir. 2023) (internal citations omitted). Plus, if there is no constitutional violation, the officers would be entitled to qualified immunity.

To successfully state a claim under § 1983, a plaintiff must allege two elements. "[A] plaintiff must allege that a defendant acted under color of state law . . . [and] that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012). Scott's entrapment claims fail on the first element. Indeed, "[e]ntrapment is not a civil cause of action; entrapment is only a defense to a criminal action." *Kondrat v. O'Neill*, 815 F.2d 78 (6th Cir. 1987) (unpublished table decision) (citing *United States v. McLernon*, 746 F.2d 1098, 1109 (6th Cir. 1984)); *see also Schieb v. Humane Soc. of Huron Valley*, 582 F. Supp. 717, 725 (E.D. Mich. 1984) (finding "there is no federal constitutional right to be free from entrapment"). To be sure, the statute extensively cited by Scott in his Complaint confirms this. *See* Ky. Rev. Stat. § 505.010 ("The relief provided a defendant . . . is a defense."). Simply put, Scott's claim of entrapment is not cognizable under § 1983, but rather a defense to be utilized in criminal proceedings.[4]

### C. Claims against Defense Attorney John Combs

Defendant John Combs, Scott's attorney in the Laurel Circuit criminal case, moves to dismiss Scott's claims against him, arguing Combs is not considered a state actor under color of law for purposes of § 1983. In response, Scott seemingly states he was "[i]nduced to ple[a]d guilty by his attorney, [Defendant Combs], with the threat of extended jail time, Plaintiff complied due to his fear of the loss of his longtime employment as a medical technician." (R. 22 at Page ID 300). But Scott cannot now pursue a claim against Defendant Combs simply because he now regrets pleading guilty, especially not in this Court.

---

[4] Insofar as Scott intended to raise entrapment as a wrongful arrest claim, notwithstanding the applicability of such a claim to prosecutors and the presiding judge, such a claim would fail on the merits for one of the same reasons as his malicious prosecution claim. "[I]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). As shown above, Scott was indicted by a grand jury, which "conclusively determine[d] the existence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).

"A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Further, significant precedent binding upon this Court dictates that a private attorney is not a state actor subject to suit under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the courts do not act under color of state law).

Because Scott seems to intend to pursue § 1983 claims, which are inapplicable to a privately retained attorney, Scott's claims against Defendant John Combs should be dismissed.

## III.   CONCLUSION AND RECOMMENDATION

In accordance with the analysis set forth above, **IT IS RECOMMENDED** as follows:

1)  The Motion to Strike Summons and Complaint Due to Insufficiency of Service of Process, Motion to Dismiss Complaint, and Alternatively, Motion for Extension of Time to File Answer (R. 13) filed by Defendants City of London (Police Department), Officer Inman, Officer B. Webb, Supervisor Tip Smith, Officer Jackson, and the Mayor of the City of London (collectively the "City Defendants") **be granted,** that service to the City Defendants **be stricken as insufficient,** and that Scott's claims as to the City Defendants **be dismissed without prejudice.**

2)  The Motion to Dismiss (R. 12) filed by Defendant John A. Combs; Motion to Dismiss for Failure to State a Claim (R. 14) filed by Defendant Department of Kentucky State Police; Motion to Dismiss (R. 15) filed by Defendant Commonwealth of Kentucky; Motion to Dismiss (R. 16) filed by Defendant Judge Gregory Lay; and Motion to Dismiss (R. 17) filed by Defendants Commonwealth's Attorney Jackie Steele and Laurel County Attorney Jodi L. Albright **be granted,** and that Scott's claims as to these Defendants **be dismissed with prejudice.**

      3)      This case **be dismissed and stricken** from the Court's active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right to appeal. *Howard*, 932 F.2d at 509. A party may respond to another's objections within fourteen (14) days of being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Signed this 26th day of August, 2025.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil london\2024\24-123-GFVT Omnibus R&R.docx