UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBERT MARK SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:24-cv-00123-GFVT-CJS |
| | ) | |
| V. | ) | |
| | ) | |
| JODI ALBRIGHT, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Report and Recommendation [R. 31] filed by United States Magistrate Judge Candace J. Smith, addressing a number of pending motions in this matter: several motions to dismiss by the various defendants, [R. 12; R. 14; R. 15; R. 16; R. 17], and a motion to strike/dismiss [R. 13.]

**I**

This matter stems from Plaintiff Robert Scott's arrest and indictment for driving away with a utility trailer belonging to the City of London Police Department in June 2023. Scott offered varying explanations as to why he took the trailer, but ultimately pleaded guilty to theft by unlawful taking of property valued between $1,000 and $10,000, reckless driving, and speeding. He now brings claims under 42 U.S.C. § 1983 against the various individuals involved in his arrest and prosecution.

Magistrate Judge Smith carefully considered the various motions and recommends: that service upon the City Defendants be stricken as insufficient and Scott's claims as to the City

Defendants be dismissed without prejudice; that Scott's claims for damages and injunctive relief against the Commonwealth of Kentucky, and its agent the Kentucky State Police, as well as his official capacity claims against Judge Lay, Jackie Steele, and Jodi Albright, be dismissed as barred by the Eleventh Amendment; that Scott's claims seeking the overturning of and expungement of his conviction and malicious prosecution be dismissed as barred by the *Rooker-Feldman* doctrine; that Scott's surviving claims against Judge Lay be dismissed as barred by judicial immunity; that Scott's entrapment claim be dismissed as not cognizable under § 1983; and that Scott's claims against his privately retained defense attorney John Combs be dismissed as Combs is not a state actor under § 1983. [R. 31 at 4-16.]

## II

The Report and Recommendation notified parties of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) and directed parties to file any objections within fourteen (14) days of service of the Recommendation. [R. 31 at 17.] Neither party has filed objections. Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Here Scott has only made a limited objection focused entirely on his entrapment claim. [R. 32.]

Unfortunately, as Magistrate Judge Smith noted, entrapment is not a colorable cause of action, let alone a violation of Scott's constitutional rights that may be redressed under § 1983.

2

*Kondrat v. O'Neill*, 815 F.2d 78 (6th Cir. 1987) (unpublished table decision) ("Entrapment is not a civil cause of action; entrapment is only a defense to a criminal action.") (citing *United States v. McLernon*, 746 F.2d 1098, 1109 (6th Cir. 1984)).  Rather it is a defense in criminal proceedings – which this proceeding is markedly not.  Even were Scott's entrapment claim to be recharacterized as a wrongful arrest claim, Scott was arrested following indictment by a grand jury which "conclusively determine[s] the existence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).  A lack of probable cause is a prerequisite to a wrongful arrest claim under § 1983. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).  Scott's objections are therefore unavailing.  As Scott has not objected to other portions of Magistrate Judge Smith's recommended disposition, this Court need not belabor her conclusions.  Nevertheless, the Court has examined the Record and agrees with Magistrate Judge Smith's Report and Recommendation.

### III

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Scott's Objections **[R. 32]** are **OVERRULED**;

2. The Recommended Disposition **[R. 31]** is **ADOPTED** as and for the Opinion of the Court;

3. The Motion to Strike Summons and Complaint Due to Insufficiency of Service of Process, Motion to Dismiss Complaint, and Alternatively, Motion for Extension of Time to File Answer **[R. 13]** is **GRANTED**, service on the City Defendants is **STRICKEN** as insufficient, and Scott's claims as to the City Defendants are **DISMISSED without prejudice**;

3

4. The remaining Motions to Dismiss **[R.12; R. 14; R. 15; R. 16; R.17]** are **GRANTED** and Scott's claims as to those defendants are **DISMISSIED with prejudice**; and

5. This case is **DISMISSED** and **STRICKEN** from the Court's active docket.

6. An accompanying Judgement shall be entered promptly.

This the 15th day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge